STATE OF CONNECTICUT *v.* WILLIAM TOBY WRIGHT, JR.
(9307)

SPALLONE, NORCOTT and FOTI, Js.

Argued February 14—decision released May 7, 1991

*John Williams,* with whom, on the brief, was *David B. Bachman,* for the appellant (defendant).

*Leon F. Dalbec, Jr.,* assistant state's attorney, with whom, on the brief, were *John A. Connelly,* state's attorney, and *Marcia Smith,* senior assistant state's attorney, for the appellee (state).

FOTI, J. The defendant appeals from the judgment of the trial court revoking his probation and reinstating the suspended portion of his original sentence. He challenges the court's holdings that (1) he violated a

lawfully imposed probation, and (2) he had no right to a jury trial. We affirm the trial court's judgment.

The court found the following facts. On November 5, 1986, the Superior Court in the judicial district of Waterbury sentenced the defendant to the custody of the commissioner of correction for a term of fifteen years to be suspended after four years to be followed by placement in the custody of the department of adult probation for a period of four years. The sentence was imposed to run concurrent with any sentence that the defendant was then serving. The defendant entered upon the service of the sentence and on October 17, 1989, he was released from the correctional institution. On October 31, 1989, fifteen days after his release from prison, he was arrested by officers of the Waterbury police department. A search of his person revealed that he possessed forty-three plastic vials of crack cocaine in his left exterior pocket. In his left inside pocket, the police found nine glassine bags containing heroin.

At no time was the defendant requested to execute nor did he execute any standard condition of probation forms. The court, however, found that the defendant, a probationer, was obligated to obey the laws of this state and could not violate its criminal laws. Refraining from criminal activity is an integral part of probation and requires no special order or condition. There was no claim nor any evidence presented indicating that the defendant was unaware of his obligation not to violate the law. The court concluded that the requirement that a probationer not violate the criminal law is sufficiently fundamental to the purpose of probation as to be inherent in the order of probation and that its existence as a requirement does not turn on whether the defendant signed written conditions or whether this condition was expressly stated by the court.

We first note that the defendant does not challenge the court's factual findings that the defendant, while on probation, violated the laws of the state of Connecticut. Further, the defendant conceded during oral arguments that the general conditions of probation are presumed as an integral part of probation, even absent signed conditions by the probationer.[1] Instead, the gravamen of the defendant's claim is that he did not know that he was on probation. He claims that the state's failure to inform him that he was on probation constituted a denial of due process that would therefore estop the state from prosecuting him for a violation of conditions of a probation it had never lawfully imposed. The defendant's argument is twofold. First, he argues that at the time of sentencing sufficient ambiguity existed to confuse him regarding the terms of the imposition of probation. He also argues that upon being released from prison he should have been advised of his probation. Both arguments are without merit.

The defendant testified at the probation revocation hearing that when he was sentenced on November 5, 1986, he heard the court impose the sentence, and that prior to accepting the plea agreement he had discussed it with his attorney. The attorney explained to him that he would receive a sentence that would run concurrent with the sentence he was already serving and that he would also be placed on probation for four years. He admitted that he had been sentenced to probation many times before and had also been found in violation of probation for the commission of a crime while on probation.

---

[1] "It is universally held that the commission of a felony violates a condition inherent in every probation order. . . . Had the sentencing court in this case merely placed the defendant on probation and said no more, commission of a felony would nevertheless constitute a violation sufficient to authorize revocation of probation." (Citations omitted.) *State* v. *Roberson,* 165 Conn. 73, 77, 327 A.2d 556 (1973).

The defendant points to the comments of the state's attorney at sentencing to demonstrate that he had a reasonable basis to believe he would have "nothing hanging over his head" when he was released from incarceration. The record reveals that the state's attorney stated: "The agreement is that the state will recommend a sentence of fifteen years suspended after four years to be followed by four years probation. And that sentence is to run concurrently with the sentence Mr. Wright is presently serving. That is for Your Honor's information. That sentence was, I believe, a ten year sentence imposed on a violation of probation. It is my understanding that this agreement of fifteen [years to be] suspended after four to run concurrent with that will not add any time to Mr. Wright's incarceration at this time."

Thereafter, the court imposed sentence in accordance with the stated plea agreement. The defendant argues that "to run concurrently with the sentence" presently being served, and, "that will not add any time to [his] incarceration at this time" is so ambiguous that it became an improper sentencing as to probation, because he did not know if he was on probation or when it was to start.

We conclude from a review of the record that no ambiguity exists. Probation commences on the day that it is imposed "except that, where it is preceded by a sentence of imprisonment with execution suspended after a period of imprisonment set by the court, it commences on the day the defendant is released from such imprisonment." General Statutes § 53a-31 (a). The defendant heard the plea agreement, after having it explained to him by his attorney, and heard and understood the sentence. He was not new to the criminal justice system, nor the adult probation system. He was aware of the procedures from past experience.

The sentence, which followed the terms of the plea agreement, was clear and unambiguous. The unsuspended portion of the sentence, four years, was to run concurrent with the sentence that the defendant was then serving and it added no time to his incarceration, that is, time to be served in prison. There was also a period of eleven years "hanging over his head" for the four years that he was on probation. His probation would commence by operation of law on the day that he was released from prison.

The defendant cites no case that deals explicitly with a question of whether a probationer has a due process right to be informed clearly of the fact that he is on probation, either at sentencing or upon release from incarceration. It is clear from the record that the defendant understood that probation was part of the sentence imposed on him, the terms of that sentence being announced in open court. The court never specified when probation would commence; it has no duty to do so. Nor is there any such requirement upon his release from prison.

An appellate court's review of an order revoking probation is to determine whether the trial court abused its discretion; *State* v. *Roberson,* 165 Conn. 73, 327 A.2d 556 (1973); and we must review the reasonableness of two findings: whether the defendant violated the conditions of probation, and whether he should be incarcerated because the rehabilitative purpose of probation cannot continue to be served. *State* v. *Navikaukas,* 12 Conn. App. 679, 682, 533 A.2d 1214 (1987), cert. denied, 207 Conn. 804, 540 A.2d 74 (1988).

In this case, the defendant has not established that the court's determinations were unreasonable and an abuse of discretion.

The defendant next challenges the court's denial of his claimed right to a jury trial in his probation revo-

cation proceedings. His claim rests entirely on Connecticut law, specifically article first, § 8, of the Connecticut constitution[2] and Practice Book § 943. He argues that Practice Book § 943, which governs revocation proceedings, incorporates Practice Book § 645, which provides that "[i]f the defendant pleads not guilty, he shall be asked whether he desires a trial either by the court or by a jury."

Article first, § 8, provides that, in all criminal prosecutions by information, the accused shall have a right to be tried by an impartial jury. A probation revocation hearing is not a criminal prosecution. *Gagnon* v. *Scarpelli,* 411 U.S. 778, 782, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973). It does not require all of the procedural components associated with an adversary criminal proceeding. *Morrissey* v. *Brewer,* 408 U.S. 471, 480, 489, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972). The standard of proof in a criminal trial of "beyond a reasonable doubt" is not applicable to a probation revocation hearing; *State* v. *Smith,* 207 Conn. 152, 177, 540 A.2d 679 (1988); because revocation hearings are not concerned with punishment and retribution because punishment in probation revocation is attributable to the crime for which the defendant was originally convicted and sentenced. Id., 177–78.

---

[2] Article first, § 8, of the Connecticut constitution provides: "In all criminal prosecutions, the accused shall have a right to be heard by himself and by counsel; to be informed of the nature and cause of the accusation; to be confronted by the witnesses against him; to have compulsory process to obtain witnesses in his behalf; to be released on bail upon sufficient security, except in capital offenses, where the proof is evident or the presumption great; and in all prosecutions by indictment or information, to a speedy, public trial by an impartial jury. No person shall be compelled to give evidence against himself, nor be deprived of life, liberty or property without due process of law, nor shall excessive bail be required nor excessive fines imposed. No person shall be held to answer for any crime, punishable by death or life imprisonment, unless on a presentment or an indictment of a grand jury, except in the armed forces, or in the militia when in actual service in time of war or public danger."

The defendant also argues that because an information was filed charging him with violating his probation, he is entitled to a trial by jury. It is not the form of charging that gives rise to the right to a jury trial, but rather the class of crimes charged. See *State* v. *Weisser*, 9 Conn. App. 255, 256–57, 518 A.2d 655 (1986), cert. denied, 202 Conn. 803, 519 A.2d 1207 (1987). Because a revocation hearing is not a criminal prosecution, the consequences of being found in violation must derive from the original conviction from which probation was granted. *State* v. *Smith,* supra, 176–77.

The defendant argues further that Practice Book §§ 943[3] and 645[4] provide him the opportunity to elect a trial by jury. Practice Book § 943 provides in part that "[i]f . . . the judicial authority finds from the evidence [at the revocation hearing] that [the defendant]

---

[3] Practice Book § 943 provides: "In cases where the revocation of probation is based upon a conviction for a new offense and the defendant is before the court or is being held in custody pursuant to that conviction, the revocation proceeding may be initiated by a motion to the court by a probation officer and a copy thereof shall be delivered personally to the defendant. All other proceedings for revocation of probation shall be initiated by an arrest warrant supported by an affidavit or by testimony under oath showing probable cause to believe that the defendant has violated any of the conditions of his probation or his conditional discharge or by a written notice to appear to answer to the charge of such violation, which notice, signed by a judge of the superior court, shall be personally served upon the defendant by a probation officer and contain a statement of the alleged violation. All proceedings thereafter shall be in accordance with the provisions of Secs. 634 and 660. At the revocation hearing, the prosecuting authority and the defendant may offer evidence and cross-examine witnesses. If the defendant admits the violation or the judicial authority finds from the evidence that he committed the violation, the judicial authority may make any disposition authorized by law."

[4] Practice Book § 645 provides: "If the defendant pleads not guilty, he shall be asked whether he desires a trial either by the court or by a jury. Pursuant to these rules, including Sec. 971, the case shall be placed on the trial list and, where possible or necessary, assigned dates for a disposition conference, a probable cause hearing, and/or a trial."

committed the violation, the judicial authority may make any disposition authorized by law." Practice Book § 1021 (1) defines judicial authority as "the superior court and each judge of the superior court." Practice Book § 943, therefore, allows for a judge of the Superior Court to be the trier of fact in a probation revocation hearing.

The defendant also argues that because Practice Book § 943 provides that all proceedings shall be in accordance with the provisions of §§ 634 and 660, he is entitled to a jury trial. Practice Book § 634 is the heading for a number of sections dealing with arraignment. A review of the arraignment provisions shows that not all of them apply to probation revocation proceedings. Practice Book § 643 requires that a defendant enter a plea of "not guilty, guilty or nolo contendere." Because a revocation proceeding is not a criminal prosecution, a defendant need only deny or admit the violation charged. Similarly, Practice Book § 645, which allows for an election for a jury trial after a plea of not guilty, also does not apply to revocation of probation hearings.

The judgment is affirmed.

In this opinion the other judges concurred.