STATE OF CONNECTICUT *v.* KEITH HOFFLER
(AC 18259)

O'Connell, C. J., and Sullivan and Spallone, Js.

Argued April 19—officially released October 5, 1999

*Michael L. Moscowitz,* special public defender, for the appellant (defendant).

*Carolyn K. Longstreth,* assistant state's attorney, with whom, on the brief, were *John A. Connelly,* state's

attorney, and *Terrence Mariani*, assistant state's attorney, for the appellee (state).

*Opinion*

SPALLONE, J. The defendant, Keith Hoffler, appeals from the judgment of the trial court revoking his probation. The defendant claims that the trial court improperly (1) denied his request to continue the hearing on the charge of violation of probation until after his trial on the criminal charges arising from the same incident, (2) found that he had fair notice of the condition of probation requiring that he refrain from violating any criminal laws and (3) admitted the order of probation under General Statutes § 52-180. We affirm the judgment of the trial court.

The following facts are necessary to our resolution of this claim. In August, 1997, the defendant, while on probation for a previous offense, was arrested for the sale of a controlled substance in violation of General Statutes § 21a-278 (a) and larceny in the first degree in violation of General Statutes § 53a-122. Because of his arrest and because he failed to report to his probation officer,[1] he was charged with violation of probation in violation of General Statutes § 53a-32.

When the defendant's probation revocation proceeding came before the trial court, the defendant requested that the hearing be continued until after his criminal trial on the narcotics and larceny charges. The defendant advised the court that he planned to testify at the violation of probation hearing but did not intend to testify at the criminal trial for fear of having his criminal record disclosed to the jury. The defendant asserted that he was willing to testify at the violation of probation hearing, but because of the pending criminal trial he

---

[1] The state abandoned the defendant's failure to report as a ground for revocation of probation when the trial court ruled that the duty to establish contact was the responsibility of the probation officer and not the defendant.

would be unable to testify, fearing that anything he said in the violation of probation hearing would be used against him at the criminal trial. The court denied the request for a continuance of the revocation of probation hearing.

The evidence adduced at the violation of probation hearing indicates that the defendant failed to respond to a letter from his probation officer advising him to report to the office of adult probation so that he could review the conditions of his probation. The office of adult probation conceded that the probation officer never met with the defendant or informed him of the conditions of his probation. The defendant had been on probation in the past.

Further testimony showed that on August 29, 1997, the Waterbury police executed a search warrant of 87 Ives Street, which identified the defendant as a suspect in a narcotics enterprise. Upon entry into the premises, the officers observed the defendant sitting on a couch. The police seized a clear bag containing a white substance, later identified as cocaine, from the pocket of a bathrobe that the defendant was wearing. Also discovered on the premises was a large stockpile of electronic equipment and other household items, including stereos, television sets, videocassette recorders, bicycles, computers, lawn mowers, weed trimmers, snowblowers and two automobile wheel rims. The defendant subsequently gave a statement admitting that the items were stolen and that he had collected them to supplement his income.

After the state rested at the revocation of probation hearing, the defense rested when the trial court, in response to the defendant's motion in limine to restrict the state's cross-examination of the defendant so as not to allow the state to explore the facts of the underlying crimes leading to the violation of probation hearing,

concluded that the defendant could invoke the privilege against self-incrimination. After further discourse with the court, the defense rested without the defendant testifying.

The trial court agreed with the state that a revocation of probation could properly result from the commission of a new crime, without specific notice that compliance with the law is a condition of probation, and found that the defendant violated a condition of probation and that the rehabilitative purposes no longer were being served. This appeal followed.

I

The defendant first claims that the trial court improperly denied his request to continue the violation of probation hearing until after his trial on the underlying criminal charges. We decline to review the defendant's claim because he failed to provide an adequate record for review.

It is the defendant's burden to provide a record adequate to review any claim he seeks to raise on appeal. Practice Book § 61-10. When a defendant claims that a ruling of the trial court improperly restricted his freedom to choose whether to testify, a reviewing court can meaningfully gauge the validity of the claim only if the record shows what the substance of his testimony would have been.

Our Supreme Court has adopted the holding of *Luce* v. *United States*, 469 U.S. 38, 43, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984), that a defendant must testify to preserve for review any claims of improper impeachment by a prior conviction. *State* v. *Harrell*, 199 Conn. 255, 265–66, 506 A.2d 1041 (1986). To weigh effectively the prejudicial effect and probative value of the anticipated impeachment, the court must know the precise nature of the testimony the defendant desired to give.

Id., 266; see also *State* v. *Schroff*, 198 Conn. 405, 409, 503 A.2d 167 (1986); *State* v. *Marsala*, 43 Conn. App. 527, 535–36, 684 A.2d 1199 (1996), cert. denied, 239 Conn. 957, 688 A.2d 329 (1997).

In the present case, the defendant failed to provide the trial court with specific information concerning the substance of the testimony he wanted to give at the violation of probation hearing. Although the defendant generally stated his fear of being impeached at his criminal trial with prior conviction evidence and with his testimony at the violation of probation hearing, he did not provide the trial court or this court the substance of any specific testimony he desired to give, leaving us, as a reviewing court, to speculate as to what the testimony might be. " 'Because an accused's decision whether to testify seldom turns on the resolution of one factor . . . a reviewing court cannot assume that the adverse ruling motivated a defendant's decision not to testify.' " *State* v. *Harrell*, supra, 199 Conn. 267.

II

The defendant's second claim is that the trial court improperly admitted his order of probation under the business records exception to the hearsay rule. Specifically, the defendant claims that the trial court abused its discretion in admitting the document as a business record because there was not any evidence that it was a record prepared by the office of adult probation. This claim is without merit.

The following facts are necessary to a proper resolution of this claim. The state offered into evidence the defendant's September 5, 1995 order of probation through Paul DiStasio, a probation officer. The defendant objected on the ground that DiStasio had not prepared or signed the document and, therefore, it was not made in the regular course of business of the office of adult probation. Instead, the defendant claimed, the

document was made in the regular course of business of the clerk's office. DiStasio then testified that "whenever someone is sentenced in front of a judge, obviously, the court clerk types the information, [i.e., that the defendant pleaded guilty or was convicted] then it becomes part of our file." DiStasio further testified that it was in the ordinary course of the business of the office of adult probation to keep such records and that the record was made on September 5, 1995.

"Our standard of review regarding challenges to a trial court's evidentiary rulings is that these rulings will be overturned on appeal only where there was an abuse of discretion and a showing by the defendant of substantial prejudice or injustice. . . . In reviewing claims that the trial court abused its discretion, great weight is given to the trial court's decision and every reasonable presumption is given in favor of its correctness. . . . We will reverse the trial court's ruling only if it could not reasonably conclude as it did." (Internal quotation marks omitted.) *State* v. *Rogers*, 38 Conn. App. 777, 796, 664 A.2d 291, cert. denied, 235 Conn. 918, 665 A.2d 610 (1995), cert. denied, 516 U.S. 1084, 116 S. Ct. 799, 133 L. Ed. 2d 747 (1996).

"An out-of-court statement offered to prove the truth of the matter asserted is hearsay and is generally inadmissible unless an exception to the general rule applies." *State* v. *Hines*, 243 Conn. 796, 803, 709 A.2d 522 (1998). "General Statutes § 52-180 requires that evidence proffered under the business records exception to the hearsay rule satisfy three requirements: (1) that the record was made in the regular course of business; (2) that it was the regular course of the business to make the writing; and (3) that the writing was made at the time of the transaction or occurrence or within a reasonable time thereafter." (Internal quotation marks omitted.) *State* v. *Scott*, 31 Conn. App. 660, 665, 626 A.2d 817 (1993). " 'The trial court is given discretion

under General Statutes § 52-180 (a) to determine whether the criteria of the statute have been satisfied and, in reviewing the decision of the trial court to admit the evidence, an appellate court should construe the statute liberally.' " Id.

We conclude that the defendant's claim that the document is inadmissible as a business record because it was created by the clerk's office rather than the office of adult probation is without merit. "There is no requirement in § 52-180 . . . that the documents must be prepared by the organization itself to be admissible as that organization's business records." *Crest Plumbing & Heating Co.* v. *DiLoreto*, 12 Conn. App. 468, 475, 531 A.2d 177 (1987). DiStasio testified that orders of probation are prepared by the clerks of the court in the ordinary course of a criminal sentencing and then forwarded to the probation office. Moreover, DiStasio testified that it was the regular duty of the clerk's office to create the writing and that the writing was made contemporaneously with the transaction. Accordingly, the trial court did not abuse its discretion in admitting the probation order as a business record.

### III

The defendant's final claim is that the trial court violated his due process rights by concluding that he violated his probation because he did not have "fair warning" that his behavior would constitute a violation of probation. The defendant specifically claims that because DiStasio did not review the conditions of probation with him, the trial court could not have properly concluded that he violated his probation. This claim is without merit.

"It is universally held that the commission of a felony violates a condition inherent in every probation order. . . . Had the sentencing court in this case merely placed the defendant on probation and said no more,

commission of a felony would nevertheless constitute a violation sufficient to authorize revocation of probation." (Internal quotation marks omitted.) *State* v. *Wright*, 24 Conn. App. 575, 577 n.1, 590 A.2d 486 (1991). In this case, the defendant was arrested for committing two felonies. Accordingly, we conclude that the defendant's claim that he needed "fair warning" that committing new crimes is a violation of probation is without merit.[2]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[2] The defendant claims that *United States* v. *Gallo*, 20 F.3d 7 (1st Cir. 1994), supports his "proposition that due process prohibits forfeiture of a defendant's liberty because he violated the conditions of probation, absent a fair warning that particular conduct will constitute a violation." The defendant's reliance on *Gallo*, however, is misplaced because the *Gallo* court concluded that a failure to warn a probationer that a particular lawful act is a violation of probation violates the probationer's due process rights.