## STATE OF CONNECTICUT *v.* FREDDIE COX, JR.
### (SC 16027)

McDonald, C. J., and Norcott, Katz, Palmer and Sullivan, Js.

Argued September 24—officially released October 19, 1999

*Tara L. Knight*, special public defender, for the appellant (defendant).

*Richard F. Jacobson*, special assistant state's attorney, with whom, on the brief, was *Cornelius P. Kelly*, assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. After a jury trial, the defendant, Freddie Cox, Jr., was convicted of assault in the second degree in violation of General Statutes § 53a-60 (a) (2).[1] The defendant appealed his conviction, claiming that "(1) the state committed prosecutorial misconduct during the questioning of witnesses and during its closing argument, (2) the trial court made an improper statement to the jury thereby depriving the defendant of a fair trial and (3) the trial court improperly charged the jury, sua sponte, on consciousness of guilt, which allowed the jury to infer flight on an inadequate factual basis." *State* v. *Cox*, 50 Conn. App. 175, 176–77, 718 A.2d 60 (1998). The Appellate Court rejected the defendant's arguments and affirmed his conviction. Id. We granted certification, limited to the following issues: (1) "Did the Appellate Court properly conclude that there was

---

[1] General Statutes § 53a-60 provides in relevant part: "(a) A person is guilty of assault in the second degree when . . . (2) with intent to cause physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument other than by means of the discharge of a firearm . . . ."

a sufficient evidentiary basis for the trial court's instruction on flight or consciousness of guilt?" and (2) "If the answer to the first question is no, was the error harmful?" *State* v. *Cox*, 247 Conn. 928, 719 A.2d 1170 (1998).

Having examined the record on appeal, studied the briefs and heard the arguments of the parties, we conclude that the judgment of the Appellate Court should be affirmed. The issue on which we granted certification was properly resolved in the thoughtful and comprehensive opinion of the Appellate Court. See, e.g., *Brennan* v. *Burger King Corp.*, 244 Conn. 204, 206, 707 A.2d 30 (1998); *Murphy* v. *Buonato*, 241 Conn. 319, 321–22, 696 A.2d 320 (1997).

The judgment of the Appellate Court is affirmed.

