STATE OF CONNECTICUT *v.* KAREEM LEWIS
(AC 19012)

Foti, Hennessy and Healey, Js.

Argued April 4—officially released June 6, 2000

*Matthew T. Gilbride*, special public defender, with whom, on the brief, was *James A. Shanley, Jr.*, special public defender, for the appellant (defendant).

*Leon F. Dalbec, Jr.*, senior assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *Victor Carlucci, Jr.*, assistant state's attorney, for the appellee (state).

*Opinion*

FOTI, J. The defendant, Kareem Lewis, appeals from the judgment of the trial court revoking his probation and committing him to the custody of the commissioner of correction to serve the suspended portion of his sentence. On appeal, the defendant claims that the court improperly found him in violation of the terms of his probation pursuant to General Statutes § 53a-32, although he was not formally given notice of the statutory conditions of probation. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to the resolution of this appeal. On January 21, 1998, the defendant pleaded guilty to one count of possession of narcotics with intent to sell in violation of

General Statutes § 21a-277, with an agreed recommendation for a sentence of five years suspended with two years of probation, including special conditions. During the plea canvass, the defendant acknowledged that he understood the plea agreement and further understood that if he violated the probation he could be made to serve the five years that were suspended. In imposing sentence, the court explained the special conditions of probation, which the defendant stated that he understood and agreed to obey. One of the conditions was that he was not to use or possess or have control of any "dangerous instruments or dangerous weapons . . . ." Thereafter, the court directed that when released "downstairs," the defendant should return to the "second floor, out the hallway, and go see probation and sign the conditions of your probation."

The defendant, however, was not released from confinement at the courthouse, but was released the following day. As a result, he did not speak to a probation officer or sign any conditions of probation.

On February 10, 1998, less than three weeks after being placed on probation, the defendant was arrested and charged with robbery in the first degree in violation of General Statutes § 53a-134. Thereafter, the defendant was arrested on a warrant for violation of probation on the basis of the facts underlying his arrest for armed robbery. Following his denial of the violation, the defendant was given a probation revocation hearing in which evidence was presented showing that he was apprehended at gunpoint, holding a folding knife in its open position after having robbed an individual at knifepoint. The court rejected the defendant's argument that he could not be found in violation of his probation because he never was told that the commission of a felony while on probation would constitute a violation of that probation. The court found that the state had sustained its burden of proof that the defendant had violated an

inherent condition of his probation by committing a felony a mere twenty days after having been released on probation.

The defendant argues that General Statutes § 53a-30[1] directs the court to cause a copy of the order of probation to be delivered to the defendant, and General Statutes § 54-108 directs the probation officer to furnish each person placed on probation with a written statement of the conditions of probation and to instruct him regarding those conditions. In light of that, he argues, it is difficult to understand how those sections are discretionary and not mandatory. He claims that his due process rights therefore were violated and that in the interest of justice and fairness, the judgment should be reversed.

"An appellate court's review of an order revoking probation is to determine whether the trial court abused its discretion . . . and we must review the reasonableness of the two findings: whether the defendant violated the conditions of probation, and whether he should be incarcerated because the rehabilitative purpose of probation cannot continue to be served." (Citation omitted.) *State* v. *Wright*, 24 Conn. App. 575, 579, 590 A.2d 486 (1991).

"A revocation of probation proceeding based upon a violation of a criminal law need not be deferred until after a disposition of the charges underlying the arrest because the purpose of a probation revocation hearing is to determine whether a defendant's conduct constituted an act sufficient to support a revocation of probation; *Payne* v. *Robinson*, 10 Conn. App. 395, 523 A.2d 917 (1987) [aff'd, 207 Conn. 565, 541 A.2d 504, cert. denied, 488 U.S. 898, 109 S. Ct. 242, 102 L. Ed. 2d 230

---

[1] General Statutes § 53a-30 (a) provides in relevant part: "The court shall cause a copy of any such order to be delivered to the defendant and to the probation officer, if any."

(1988)]; rather than whether the defendant had, beyond a reasonable doubt, violated a criminal law. The proof of the conduct at the hearing need not be sufficient to sustain a violation of a criminal law. Id., 402." *State* v. *Smith*, 18 Conn. App. 368, 370 n.1, 558 A.2d 257 (1989); see also *State* v. *Deptula*, 34 Conn. App. 1, 5, 639 A.2d 1049 (1994) (state does not need criminal conviction to establish probation violation arising out of criminal conduct). "In a probation violation proceeding, all that is required is enough to satisfy the court within its sound judicial discretion that the probationer has not met the terms of his probation." *Payne* v. *Robinson*, supra, 403.

In this matter, the defendant does not claim that the state failed to prove by a preponderance of the evidence that he violated a condition of his probation, i.e., that his conduct constituted an act sufficient to support a revocation of probation or that the court's finding was clearly erroneous. Instead, he argues either that as a matter of law, he could not have violated his probation or that the court abused its discretion by not excusing him from his probation violation because of insufficient notice.

Due process does not require that the defendant, in a revocation of probation proceeding based on criminal activity, be aware of the conditions of probation. "In such a case, knowledge of the criminal law is imputed to the probationer, as is an understanding that violation of the law will lead to the revocation of probation. On the other hand, where the proscribed acts are not criminal, due process mandates that the [defendant] cannot be subject to a forfeiture of his liberty for those acts unless he is given prior fair warning." *United States* v. *Dane*, 570 F.2d 840, 844 (9th Cir. 1977), cert. denied, 436 U.S. 959, 98 S. Ct. 3075, 57 L. Ed. 2d 1124 (1978). An inherent condition of any probation is that the probationer not commit further violations of the criminal

law while on probation. "It is universally held that the commission of a felony violates a condition inherent in every probation order." *State* v. *Roberson,* 165 Conn. 73, 77, 327 A.2d 556 (1973). The general conditions of probation are presumed as an integral part of probation. *State* v. *Wright,* supra, 24 Conn. App. 577.

"In *State* v. *White,* 169 Conn. 223, 237, 363 A.2d 143, cert. denied, 423 U.S. 1025, 96 S. Ct. 469, 46 L. Ed. 2d 399 (1975), the defendant argued that the trial court's failure to deliver a written copy of the conditions of probation to him, pursuant to . . . § 53a-30 (a), invalidated the revocation of his probation. Our Supreme Court concluded that the claim was without merit because the statute does not provide a penalty for the failure of the court to deliver to the defendant a copy of the probation conditions and because the defendant did not claim that he was unaware that if he violated the relevant condition, his probation would be subject to revocation. Id., 238. The *White* court concluded that the statute was directory and that 'it would make a mockery of the statute to say failure to deliver standard conditions of probation renders probation invalid under the facts of this case.' Id.

"Section 54-108 provides in relevant part that probation officers 'shall furnish to each person released under their supervision a written statement of the conditions of probation and shall instruct him regarding the same. . . .' Section 54-108 does not provide a remedy for the failure of the probation officer to comply with the statute." *State* v. *Martinez,* 55 Conn. App. 622, 626–27, 739 A.2d 721 (1999). "[W]e conclude that § 54-108 is directory and not mandatory, and that violation of the statute by the probation officer does not excuse the defendant from the requirement that he not violate a condition of probation." Id.

Had the sentencing court merely placed the defendant on probation without saying anything further,[2] the commission of a felony nevertheless would constitute a violation sufficient to authorize revocation of probation. *State* v. *Hoffler*, 55 Conn. App. 210, 216–17, 738 A.2d 1145, cert. denied, 251 Conn. 923, 742 A.2d 360 (1999). The defendant was not entitled to "fair warning" that committing new crimes is a violation of probation. Id., 217. We conclude, therefore, that the defendant's due process rights were not violated and that the court did not abuse its discretion in finding the defendant in violation of his probation.

The judgment is affirmed.

In this opinion the other judges concurred.

[2] We find it unnecessary to address whether, in placing the defendant on probation, the sentencing court's order of the special condition that he not have, use or possess or have under his "dominion or control any . . . dangerous instruments or dangerous weapons" might have constituted sufficient notice, if such was required.

