STATE OF CONNECTICUT *v.* VAUGHN D. OUTLAW
(SC 16432)

Borden, Norcott, Katz, Palmer and Zarella, Js.

Argued April 20—officially released June 12, 2001

*Donald D. Dakers*, special public defender, with whom, on the brief, was *Katerina M. Rohner*, for the appellant (defendant).

*Bruce R. Lockwood*, assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *James G. Clark*, senior assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Vaughn D. Outlaw, appeals, pursuant to our grant of certification, from the judgment of the Appellate Court affirming the trial court's judgment revoking the defendant's probation and sentencing him to serve the balance of a previously imposed, partially suspended term of imprisonment. What removes this case from the garden variety revocation of probation case, however, is that the defendant's original sentence was a so-called split sentence, and while the defendant was serving the previously imposed term of imprisonment, he was sentenced to additional terms of imprisonment that ran consecutively to the term of imprisonment that he already was serving. The defendant claims that his period of probation began, not when he ultimately was physically released from the custody of the commissioner of correction (commissioner), after having served the consecutive sentences, but when his original term of imprisonment, imposed pursuant to the original split sentence, would have

ended. We affirm the judgment of the Appellate Court to the contrary.

On April 4, 1986, the defendant was convicted of robbery in the first degree, and was sentenced to twenty years imprisonment, execution suspended after ten years, and three years probation. He signed conditions of probation, which included the following language: "Probation Begins Upon Discharge. Contact Prob. Dept. IMMEDIATELY upon release." While he was incarcerated pursuant to that sentence, the defendant was convicted of three additional offenses, and was sentenced to twenty-three months imprisonment to be served consecutively to the sentence that he was then serving. Thus, his total effective sentence became eleven years and eleven months. Had he not been subject to the consecutive twenty-three months imprisonment, however, his discharge date would have been February 3, 1995.

On August 6, 1996, the defendant was physically released from the commissioner's custody and began serving his period of probation. He again signed conditions of probation on August 26, 1996. On April 9, 1998, the defendant was arrested at his residence for assault in the first degree and carrying a weapon without a permit, in relation to a shooting incident that had occurred on April 3, 1998. While at the defendant's residence, the police seized a loaded handgun and marijuana, which the defendant subsequently admitted were his.

On June 19, 1998, a violation of probation warrant was issued, based on the defendant's alleged involvement in the April 3 incident. Subsequently, however, the state filed a substitute information in the revocation proceedings basing the probation violation, not on the April 3 incident, but on his arrest for possession of the handgun and marijuana on April 9, 1998.

The defendant moved to dismiss the revocation proceedings, claiming that his period of probation had expired prior to the June 19, 1998 issuance of the probation violation warrant, namely, on February 3, 1998, or three years after what would have been his original discharge date.[1] The trial court rejected that contention, denied the motion to dismiss, and, after a hearing, found that the defendant had violated his probation, revoked the probation, and sentenced him to serve the remaining ten year balance of his original sentence. The defendant appealed to the Appellate Court.

The Appellate Court rejected the defendant's claim that his period of probation had expired before the warrant was issued on June 19, 1998, and affirmed the trial court's judgment. *State* v. *Outlaw*, 60 Conn. App. 515, 524, 760 A.2d 140 (2000). We granted the defendant's petition for certification to appeal, limited to the following issue: "Did the Appellate Court properly conclude that the defendant had not completed the probation portion of his April 4, 1986 sentence when the arrest warrant for violation of probation was issued on June 19, 1998?" *State* v. *Outlaw*, 255 Conn. 910, 763 A.2d 1036 (2000).

Having examined the record on appeal, studied the briefs and heard the arguments of the parties, we conclude that the judgment of the Appellate Court should be affirmed. The thoughtful and comprehensive opinion of the Appellate Court; see *State* v. *Outlaw*, supra, 60 Conn. App. 515; properly resolved the issue in this certified appeal. A further discussion by this court would serve no useful purpose. See *Wood* v. *Amer*, 253 Conn. 514, 515–16, 755 A.2d 175 (2000); *Biller Associates* v. *Route 156 Realty Co.*, 252 Conn. 400, 404, 746 A.2d 785

---

[1] The defendant also claimed that the state could not change the factual basis of the alleged probation violation. Both the trial court and the Appellate Court rejected that contention, and our grant of certification to appeal did not include that claim.

(2000); *Kane* v. *American Ins. Co.*, 252 Conn. 113, 114, 743 A.2d 612 (2000); *State* v. *Cox*, 251 Conn. 54, 56, 738 A.2d 652 (1999).

The judgment of the Appellate Court is affirmed.