STATE OF CONNECTICUT *v.* JEROME MOORE
(AC 24427)

Flynn, West and Mihalakos, Js.

Argued May 25—officially released September 14, 2004

*Donald D. Dakers*, special public defender, for the appellant (defendant).

*James A. Killen*, senior assistant state's attorney, with whom, on the brief, were *John A. Connelly*, state's attorney, and *Terence Mariani*, assistant state's attorney, for the appellee (state).

*Opinion*

MIHALAKOS, J. The defendant, Jerome Moore, appeals from the judgment, rendered by the trial court, finding him in violation of his probation pursuant to

General Statutes § 53a-32 with respect to his conviction of burglary in the third degree. On appeal, the defendant claims that (1) the sentencing court improperly stayed his burglary sentence until he had completed a prior sentence for an unrelated drug conviction, thus making the burglary sentence a nullity, and (2) the court hearing the violation of probation abused its discretion in finding him to be in violation. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the defendant's appeal. On March 29, 2000, the defendant pleaded guilty under the *Alford* doctrine[1] to a charge of burglary in the third degree. The court, *Damiani, J.*, sentenced the defendant to three years imprisonment, execution suspended, with two years of probation. At the time of the burglary sentencing, the defendant was serving a one year sentence on an unrelated drug conviction, which also carried a $2500 fine.[2] The court ordered that the defendant's burglary probation be stayed until he was released from the one year sentence of imprisonment on the drug conviction.

On April 25, 2001, the defendant was released from prison so that he could earn money to pay the fine associated with his drug conviction. Shortly thereafter, on May 24, 2001, the defendant was arrested for possession of marijuana with the intent to sell. After his arrest, the defendant was released from custody, but was scheduled to return to court on June 22, 2001, to pay the fine associated with his original drug conviction. The defendant failed to appear, and a rearrest warrant was issued.

On December 15, 2001, the defendant was again arrested and charged with possession of marijuana with

---

[1] *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[2] Although there was much discussion concerning the date of the sentence, the record appears to reflect a sentencing date of February 15, 2000.

the intent to sell. On December 18, 2001, a judgment mittimus was issued, requiring the defendant to be held in confinement until the fine was paid. A warrant for the defendant's arrest for violation of the burglary probation, on the basis of his December 15, 2001 arrest, was issued on January 29, 2002. After the defendant was rearrested, a hearing was held to determine whether he had violated his probation. On June 4, 2002, the court, *D'Addabbo, J.*, found that the defendant had violated his burglary probation by virtue of the drug arrests in May and December, 2001, and ordered that the defendant serve thirty-two months of the three year sentence imposed by Judge Damiani in March, 2000, for the conviction of burglary in the third degree. This appeal followed.

I

The defendant first claims that the sentencing court improperly stayed the probation portion of his sentence for the burglary conviction in violation of General Statutes § 53a-31 (a) by ordering that his probation commence after his release from prison on an unrelated drug conviction. The defendant contends that § 53a-31 (a) mandates that a period of probation commence on the day the sentence is imposed and allows probation to be stayed only until the completion of incarceration for the same crime to which the probation applies. As a result of the court's failure to follow the sentencing procedures, in that there was no period of incarceration imposed prior to the staying of probation, the defendant claims that his sentence is a nullity and, therefore, he could not have been on probation at the time of the alleged probation violation offenses.

We first set forth the applicable standard of review. The defendant concedes that his claim was not preserved. Although the defendant does not seek review under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d

823 (1989), he asserts that his claim merits review under the plain error doctrine; see Practice Book § 60-5; because it is one of statutory construction, thus implicating a question of law. "Plain error review may be appropriate when a court fails to follow or apply a statute that is clearly relevant to the case." *State* v. *Groppi*, 81 Conn. App. 310, 317, 840 A.2d 42, cert. denied, 268 Conn. 916, 847 A.2d 311 (2004). Nevertheless, "[r]eview under the plain error doctrine is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings." *State* v. *Perry*, 58 Conn. App. 65, 68, 751 A.2d 843, cert. denied, 254 Conn. 914, 759 A.2d 508 (2000). "[T]he core of the plain error doctrine . . . concerns whether a defendant can prevail on the merits of a claim, not simply whether the claim can be reviewed." *State* v. *Day*, 233 Conn. 813, 850 n.31, 661 A.2d 539 (1995). Consequently, "[w]here a trial court's action does not result in any manifest injustice, a defendant's claim under the plain error doctrine does not warrant review." (Internal quotation marks omitted.) *State* v. *Peterson*, 51 Conn. App. 645, 658, 725 A.2d 333, cert. denied, 248 Conn. 905, 731 A.2d 310 (1999).

Section 53a-31 (a) provides in relevant part that "[a] period of probation or conditional discharge commences on the day it is imposed, except that, where it is preceded by a sentence of imprisonment with execution suspended after a period of imprisonment set by the court, it commences on the day the defendant is released from such imprisonment. . . ." This court has had occasion to interpret the language of that statute in *State* v. *Strickland*, 39 Conn. App. 722, 728, 667 A.2d 1282 (1995), cert. denied, 235 Conn. 941, 669 A.2d 577 (1996), and has determined that once a period of probation has commenced, there is no statutory authority to suspend or toll that probation. A court may, however,

allow a defendant's probation to continue during a period of incarceration for separate charges or may revoke probation if warranted. Id., 728–29. A person, therefore, can be in prison and on probation at the same time. Id., 726.

In this case, the court stayed the commencement of the defendant's probation until his term of incarceration for a drug conviction concluded, even though the law provides that a defendant may be imprisoned and on probation at the same time. See id. The state argues, however, that pursuant to our holding in *State* v. *Outlaw*, 60 Conn. App. 515, 760 A.2d 140 (2000), aff'd, 256 Conn. 408, 772 A.2d 1122 (2001), a court may order a sentence of probation to commence after a defendant is released from prison. Id., 523–24. This case is distinguishable from *Outlaw* because the defendant's sentence of probation in that case was attached to a period of incarceration that was to be executed before probation commenced. Id., 517. While the defendant in *Outlaw* was serving his initial period of imprisonment, he was convicted of various prison offenses, the sentences for which were to run consecutively to the original sentence.[3] Id., 518. Because the sentence of the defendant in *Outlaw* had commenced before his term of imprisonment was extended on a separate conviction, there was no violation of § 53a-31 (a). Id., 523. The statute provides that when a period of probation is preceded by a period of imprisonment, the commencement of probation may be suspended. Id., 523–24.

The sentencing court in this case stayed the commencement of the defendant's term of probation even though the term of probation was not attached to a period of related incarceration. Moreover, the sentence

[3] The defendant in *Outlaw* was sentenced to an additional twenty-three months imprisionment for one count of assault in the third degree and two counts of possession of a weapon in a correctional institution. *State* v. *Outlaw*, supra, 60 Conn. App. 518 and n.4.

ignores the fact that a defendant can be imprisoned and be placed on probation at the same time. We therefore agree with the defendant that the sentencing court misapplied § 53a-31 (a) when it attempted to stay his probation.

Nevertheless, we conclude that despite the fact that the court misapplied the statute, there is no miscarriage of justice of the magnitude required that merits relief under the doctrine of plain error. In fact, it appears that the public confidence in judicial proceedings would be weakened were we to accept the defendant's contention that the sentencing court's failure to apply § 53a-31 (a) properly resulted in his sentence being a nullity. Allowing the defendant to take advantage of a sentencing error as a means of nullifying his sentence altogether, after failing to preserve the issue for review at the time of sentencing, is not the type of claim deserving of plain error review. Accordingly, we decline to accord relief under the plain error doctrine.

## II

The defendant next claims that the court improperly found that he was in violation of his probation because he did not violate the "sole" condition of his probation, which was to avoid contact with his former girlfriend. The defendant asserts that the use of the word "sole" by the court suggests that the no contact condition was the exclusive condition of his probation, prohibiting the addition of any other condition, whether express or implied.[4] The defendant, therefore, contends that even if there was evidence sufficient to establish by a preponderance of the evidence that he committed two drug offenses, those violations of a criminal statute were not

---

[4] The defendant does not contend on appeal that there was insufficient proof of his criminal conduct in possessing marijuana, but only that the "no contact" condition was the sole condition of his probation.

violations of the conditions of his probation. We disagree.

Before discussing the merits of that claim, we note our standard of review. "In a probation violation proceeding, all that is required is enough to satisfy the court within its sound judicial discretion that the probationer has not met the terms of his probation." (Internal quotation marks omitted.) *State* v. *Lewis*, 58 Conn. App. 153, 157, 752 A.2d 1144, cert. denied, 254 Conn. 917, 759 A.2d 508 (2000). "In reviewing claims that the trial court abused its discretion, great weight is given to the trial court's decision and every reasonable presumption is given in favor of its correctness." (Internal quotation marks omitted.) *State* v. *Young*, 81 Conn. App. 710, 714, 841 A.2d 737, cert. denied, 269 Conn. 901, 852 A.2d 733 (2004). "[E]xcept where an abuse of discretion is clearly shown, the conclusion of a trial court should be affirmed so long as it is a reasonable one on the basis of the evidence adduced and the inferences drawn therefrom." (Internal quotation marks omitted.) *State* v. *Gonzalez-Rivera*, 48 Conn. App. 784, 791, 713 A.2d 847, cert. denied, 245 Conn. 923, 717 A.2d 238 (1998).

"Due process requires, at a minimum, that an individual receive notice of probation conditions and an opportunity to be heard." *State* v. *Reilly*, 60 Conn. App. 716, 728, 760 A.2d 1001 (2000). "Where noncriminal activity forms the basis for the revocation of probation, due process requires specific knowledge that the behavior involved is proscribed." Id., 729. In contrast, "[d]ue process does not require that the defendant, in a revocation of probation proceeding based on criminal activity, be aware of the conditions of probation." *State* v. *Lewis*, supra, 58 Conn. App. 157. "[T]he law imputes to the probationer the knowledge that further criminal transgressions will result in a condition violation . . . ." *State* v. *Reilly*, supra, 728. "An inherent condition of any probation is that the probationer not commit further

violations of the criminal law while on probation." *State v. Lewis*, supra, 157–58. "It is universally held that the commission of a felony violates a condition inherent in every probation order." *State v. Roberson*, 165 Conn. 73, 77, 327 A.2d 556 (1973). "The general conditions of probation are presumed as an integral part of probation." *State v. Lewis*, supra, 158. We conclude that the mere addition of a condition beyond those implied conditions should not and does not negate the inherent conditions of probation.

It is well established that the violation of a criminal statute need not be made an express condition of probation. Because the defendant was in violation of a criminal statute, the court could have reasonably found that he violated his probation.

The judgment is affirmed.

In this opinion the other judges concurred.