STATE OF CONNECTICUT *v.* JOHN RESTBERGS
(AC 25403)

Schaller, Flynn and Gruendel, Js.

Argued February 9—officially released May 31, 2005

*Craig A. Barton,* special public defender, for the appellant (defendant).

*Sarah Hanna,* special deputy assistant state's attorney, with whom, on the brief, were *David Shepack,* state's attorney, and *Helen M. McLellan,* assistant state's attorney, for the appellee (state).

*Opinion*

SCHALLER, J. The defendant, John Restbergs, appeals from the judgments of the trial court finding him in violation of probation pursuant to General Statutes § 53a-32 following a probation revocation proceeding based on his conviction of violation of a protective order, breach of the peace and failure to appear in the second degree and on his conviction of assault in the third degree. On appeal, the defendant claims that (1) he was not properly notified of the alleged violations of probation in violation of his due process rights under

both the federal and state constitutions, (2) the court improperly determined that he had violated a modified condition of his probation, (3) his trial counsel was ineffective for allegedly failing to object to certain statements and findings, to conduct adequate pretrial investigation and to implement pretrial procedures, and (4) the court abused its discretion in determining that the defendant had violated the conditions of his probation. We affirm the judgments of the trial court.

The following facts and procedural history are relevant to our resolution of the defendant's appeal. On April 19, 2001, the defendant pleaded guilty to violation of a protective order, breach of the peace and failure to appear in the second degree. The defendant was sentenced to two years of incarceration, execution suspended, and three years of probation. Shortly thereafter, in a separate case, the defendant pleaded guilty to assault in the third degree. On the assault charge, the court sentenced the defendant to one year incarceration, execution suspended after time served, and three years probation.

The defendant began his probation on April 19, 2001. On that day, the defendant met with his probation officer and reviewed the conditions of probation. On April 24, 2001, he met with another probation officer to review again the conditions of probation. In addition to complying with the standard conditions of probation, the defendant was required to take all prescribed medications, to report to his probation officer and to allow the probation officer to visit the defendant at his residence. In addition, the defendant was barred from initiating contact with the victim "until prior medication [was] compliant."

At the probation revocation hearing, evidence was offered to prove that the defendant had missed at least five appointments with his probation officer between

May and December, 2001. In January, 2002, the defendant was warned that if he missed another appointment with his probation officer, the office of adult probation would issue a violation to him. On March 14, 2002, the defendant's case was transferred to probation officer Patrick Callahan. On the same day, the defendant failed to report to probation as scheduled. The record indicates that the defendant did not attempt to report to his probation officer until April 4, 2002.

Shortly thereafter, the defendant failed to appear at his May 30, 2002 appointment with Callahan. The next day, Callahan attempted to visit the defendant at his home. Because the defendant was not at home, Callahan left a card directing the defendant to contact him. The defendant did not respond. Callahan then sent the defendant a letter directing the defendant to meet with him on June 13, 2002. The defendant reported to the probation office at the scheduled time.

On July 25, 2002, the defendant again failed to report to his probation officer. Callahan visited the defendant's home again. When he arrived at the defendant's home, the defendant became agitated. After drawing his baton for safety when the defendant approached him, Callahan left the defendant's residence. The next day, Callahan accompanied a New Milford police officer to the home of the victim. The victim played for them a harassing message left by the defendant on the victim's answering machine.

On August 2, 2002, Callahan telephoned the Danbury Behavioral Health Center (health center) where the defendant was a patient and learned that the defendant had missed his July 24, 2002 appointment. A representative from the health center explained that the defendant would not have obtained a supply of his required medications because he had missed his appointment.

Shortly thereafter, Callahan prepared an arrest warrant on the basis of the defendant's violation of his conditions of probation, including his failures to report to probation, his conduct during the July 25, 2002 home visit, the harassing message to the victim and his failure to take his medications. Additional facts will be set forth as necessary.

I

The defendant first claims that he was not properly notified of the alleged violations of probation in violation of his due process rights under both the federal and state constitutions. Specifically, the defendant contends that the notice of probation violations contained several dates but did not specify which dates were the bases of the violations. The defendant claims that he could not have anticipated that the earlier dates on which he failed to report, rather than more recent dates, would be the subject of the probation violation hearing. Moreover, the defendant claims that the court, sua sponte, determined that he was in violation of his probation on the basis of conduct that was not alleged in the notice of probation violations and, therefore, he could not prepare properly for the probation violation proceedings.

The defendant concedes that his claim was not properly preserved for appellate review and seeks review under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989).[1] We agree with the defendant that the record

---

[1] Under *Golding*, a defendant can prevail on an unpreserved claim of constitutional error "only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Emphasis in original.) *State* v. *Golding*, supra, 213 Conn. 239–40.

is adequate for review and that the claim is of constitutional magnitude; therefore, we must determine whether the alleged constitutional violation clearly exists.

"Probation revocation proceedings fall within the protections guaranteed by the due process clause of the fourteenth amendment to the federal constitution. . . . Probation itself is a conditional liberty and a privilege that, once granted, is a constitutionally protected interest. . . . The revocation proceeding must comport with the basic requirements of due process because termination of that privilege results in a loss of liberty. . . . [T]he minimum due process requirements for revocation of [probation] include written notice of the claimed [probation] violation, disclosure to the [probationer] of the evidence against him, the opportunity to be heard in person and to present witnesses and documentary evidence, the right to confront and cross-examine adverse witnesses in most instances, a neutral hearing body, and a written statement as to the evidence for and reasons for [probation] violation." (Citations omitted; internal quotation marks omitted.) *State* v. *Gauthier*, 73 Conn. App. 781, 789, 809 A.2d 1132 (2002), cert. denied, 262 Conn. 937, 815 A.2d 137 (2003). "At [a probation violation] hearing the defendant shall be informed of the manner in which such defendant is alleged to have violated the conditions of such defendant's probation or conditional discharge . . . ." (Internal quotation marks omitted.) *State* v. *Maye*, 70 Conn. App. 828, 838, 799 A.2d 1136 (2002).

The defendant received written notice of probation violations indicating that he had violated the conditions of his probation on the basis of his failure to report to his probation officer as directed and the July 25, 2002 incident in which he disrupted the visit by his probation officer. Even though no specific dates were provided in the notice of the violation, the arrest warrant clearly

stated several specific dates when the defendant had failed to report to his probation officer. In addition, the warrant referred to the defendant's attempts, on July 25, 2002, to prevent a home visit by his probation officer, the defendant's failure to take his medication and the defendant's attempt to contact the victim. At the probation revocation hearing, the state presented evidence regarding all of those claimed violations.

Even though the initial notice of probation violations did not provide specific dates and did not refer to the defendant's failure to take his medications or his attempts to contact the victim, the arrest warrant included all of the alleged probation violations. The defendant was given the opportunity to challenge all of the alleged violations at the hearing. We conclude, therefore, that the defendant received adequate notice regarding all of the grounds on which he ultimately was found to have violated his probation. See id., 839–40. Thus, a constitutional violation does not clearly exist, and the defendant was not deprived of a fair trial. See *State* v. *Golding*, supra, 213 Conn. 239–40.

II

The defendant's second claim is that the court improperly determined that he was in violation of his probation because the court made its findings on the basis of a modified condition of his probation. Specifically, the defendant contends that the court improperly determined that he failed to comply with the order not to initiate contact with the victim. The defendant explains that the original conditions of his probation provided that he was not to initiate contact with the victim until he was taking his medications. The defendant argues, therefore, that without a finding by the court that he did not take his medications, the court's determination that he violated the conditions of his probation by initiating contact with the victim consti-

tuted a violation of both his state and federal due process rights. We disagree.

The defendant admits that his claim was not properly preserved at trial and, therefore, requests *Golding* review.[2] We agree with the defendant that the record is adequate for review and that the claim is of constitutional magnitude; therefore, we must determine whether the alleged constitutional violation clearly exists.

The defendant correctly points out that the failure to warn a probationer that a particular lawful act is a violation of probation violates the probationer's due process rights. See *State* v. *Hoffler*, 55 Conn. App. 210, 217 n.2, 738 A.2d 1145, cert. denied, 251 Conn. 923, 742 A.2d 360 (1999). Nevertheless, the court's finding that the defendant "failed to comply with the order [to] not . . . initiate contact with the victim" was not based on an improper modification of the defendant's probation conditions. In fact, that finding was made after the court determined that the defendant failed to take his medication as required. The court, in making its determination that the defendant had violated the conditions of his probation, stated: "The court finds that the state has proven by a fair preponderance of the evidence that the defendant has violated several conditions of his probation. To be more specific, [he] failed to report as required, failed to take medication as prescribed [and] failed to comply with the order not to initiate contact with the victim." Simply because the court did not state its findings with the exact wording of the defendant's probation conditions does not mean that the court's findings were based on modified conditions of probation. The defendant's second claim is without merit, and he has failed to establish that a constitutional violation

---

[2] See footnote 1.

clearly exists. See *State* v. *Golding,* supra, 213 Conn. 239–40.

### III

The defendant, in his third claim, argues that he was denied his rights to the effective assistance of counsel. Specifically, the defendant contends that his attorney failed (1) to object to hearsay statements, (2) to conduct adequate pretrial investigation, (3) to object to the court's finding on a modified condition of probation and (4) to file a bill of particulars. We decline to review those claims.

Our Supreme Court has stated that "[a]lmost without exception . . . a claim of ineffective assistance of counsel must be raised by way of habeas corpus, rather than by direct appeal, because of the need for a full evidentiary record for such [a] claim. . . . Absent the evidentiary hearing available in the collateral action, review in this court of the ineffective assistance claim is at best difficult and sometimes impossible. The evidentiary hearing provides the trial court with the evidence which is often necessary to evaluate the competency of the defense and the harmfulness of any incompetency." (Citation omitted; emphasis in original; internal quotation marks omitted.) *State* v. *Turner,* 267 Conn. 414, 426, 838 A.2d 947, cert. denied, 543 U.S. 809, 125 S. Ct. 36, 160 L. Ed. 2d 12 (2004). Accordingly, we decline to review those claims.

### IV

The defendant's final claim is that the court abused its discretion in finding that he violated the conditions of his probation. We disagree.

"The standard of review of an order revoking probation is whether the trial court abused its discretion; if it appears that the trial court was reasonably satisfied that the terms of probation had been violated, and, impliedly, that the beneficial purposes of probation

were no longer being served, then the order must stand. . . . In making this determination, the trial court is vested with broad discretion." (Citation omitted; internal quotation marks omitted.) *State* v. *Smith*, 255 Conn. 830, 844, 769 A.2d 698 (2001). "[E]xcept where an abuse of discretion is clearly shown, the conclusion of a trial court should be affirmed so long as it is a reasonable one on the basis of the evidence adduced and the inferences drawn therefrom." (Internal quotation marks omitted.) *State* v. *Moore*, 85 Conn. App. 7, 14, 855 A.2d 1006, cert. denied, 271 Conn. 937, 861 A.2d 510 (2004).

The state presented evidence that the defendant missed several appointments with his probation officer and that on July 25, 2002, the defendant disrupted a visit to his house by the probation officer. In addition, the state presented testimony from the victim that the defendant had attempted to contact her. The defendant's probation officer also testified that the defendant had missed his appointment at the health center, indicating that the defendant did not obtain a prescription for his medication and, thus, was not complying with the medication order. The court, therefore, reasonably could have found that the defendant violated several conditions of his probation and that due to his repeated violations, the beneficial purposes of probation no longer were being served. Accordingly, we conclude that the court did not abuse its discretion in revoking the defendant's probation.

The judgments are affirmed.

In this opinion the other judges concurred.