## STATE OF CONNECTICUT *v.* SAMUEL MARSHALL
## (AC 17527)

Landau, Spear and Daly, Js.

Argued October 27, 1998—officially released January 5, 1999

*Richard Condon, Jr.,* deputy assistant public defender, for the appellant (defendant).

*Leon F. Dalbec, Jr.,* assistant state's attorney, with whom, on the brief, were *James E. Thomas,* state's attorney, and *George Ferko,* assistant state's attorney, for the appellee (state).

*Opinion*

DALY, J. The defendant, Samuel Marshall, appeals from the judgment of the trial court determining that he violated the terms of his probation, revoking his probation and imposing the entire suspended portion of his sentence. On appeal, the defendant's sole claim is that, by denying his motion for a one day continuance

to retrieve evidence that he maintained could have proved that he did not violate the terms of his probation, the trial court denied him his constitutional rights to due process and to present a defense. We disagree.

The following facts are relevant to this appeal. On August 23, 1988, the defendant was convicted, after a jury trial, of four counts of robbery in the first degree in violation of General Statutes § 53a-134 and one count of robbery in the third degree in violation of General Statutes § 53a-136. The defendant was sentenced on September 29, 1988, to a term of twenty years imprisonment, suspended after thirteen years, followed by a probationary period of five years.

On November 7, 1996, the defendant signed a standard document outlining the conditions of his probation. The relevant portions included provisions (1) not "to violate any criminal law of the United States, this state or any other state or territory" and (2) "to report as the probation officer directs, give immediate notice if arrested and, if incarcerated, report to the probation officer immediately" upon release. In addition, the court ordered "substance abuse counseling, testing and treatment."

The defendant commenced his probationary period on December 10, 1996, and he was arrested on February 16, 1997, pursuant to General Statutes § 53a-32,[1] for violating the conditions of his probation.[2] At the proba-

---

[1] General Statutes § 53a-32 provides in relevant part: "(a) At any time during the period of probation or conditional discharge, the court or any judge thereof may issue a warrant for the arrest of a defendant for violation of any of the conditions of probation . . . ."

[2] The affidavit in support of the arrest warrant included the following alleged probation violations: (1) A urine specimen submitted by the defendant on December 17, 1996, tested positive for cocaine, (2) the defendant failed to report to his probation officer on January 14, 1997, and (3) "[b]y virtue of the fact that [the defendant] did possess an illegal substance, cocaine, it [was] felt that he [was] in violation of the condition of his probation," which requires that the defendant not violate any criminal law of the United States, this state or any other state or territory.

tion revocation hearing on July 30, 1997, the state's sole witness, probation officer Jean Dzicek, testified that the defendant had submitted a urine sample that tested positive for cocaine and that he had missed a scheduled appointment. Following Dzicek's testimony, the state rested its case.

Immediately after Dzicek's testimony, defense counsel requested time to ask the defendant if he would testify and also sought an opportunity to consult with an expert regarding a chemical test evaluation that defense counsel had just received. The court recessed to allow defense counsel to confer with the defendant. After returning from the recess, defense counsel informed the court that he did not intend to have the defendant testify and requested a continuance until the next morning in order to consult with a toxicologist concerning the test results. The trial court granted defense counsel's request with the expectation that all parties would be ready to proceed at that time.

When the proceedings resumed the following morning, however, the defendant did take the stand to testify. During his testimony the defendant claimed that he went to the probation office on January 14, 1997, but Dzicek was not there, and that he telephoned Dzicek later that day and rescheduled the appointment for January 16, 1997. According to the defendant, he met with Dzicek on January 16, 1997, and was given an appointment card for his next meeting scheduled for January 30, 1997, at which time he met again with Dzicek and was given another appointment card for February 25, 1997. He claimed that the cards were at the Hartford Correctional Center with his personal property. On cross-examination, the defendant admitted that he had signed the document outlining the conditions of his probation and that one of the conditions was that he

not commit a crime. The defendant also admitted that just after starting his probation he used cocaine.

At the conclusion of the defendant's testimony, defense counsel indicated that there were no other witnesses and requested a one day continuance to retrieve the appointment cards from the Hartford Correctional Center to refute the claim that the defendant failed to report to the probation office on January 14, 1997. The trial court denied this request and found that the defendant violated both the first and second conditions of his probation because he tested positive for cocaine use and he failed to report to his probation officer on January 14, 1997. The trial court revoked the defendant's probation and sentenced him to the remaining seven years of his original twenty year sentence. This appeal followed.

The defendant claims that by denying his motion for a one day continuance to retrieve evidence that could have proved that he did not violate the terms of his probation, the trial court violated his constitutional rights to due process and to present a defense. "The right of a defendant to have a continuance is not . . . absolute . . . ." (Citation omitted; internal quotation marks omitted.) *State* v. *Walker*, 215 Conn. 1, 10, 574 A.2d 188 (1990). "The determination of whether to grant a request for a continuance is within the discretion of the trial court, and will not be disturbed on appeal absent an abuse of discretion. . . . A reviewing court is bound by the principle that [e]very reasonable presumption in favor of the proper exercise of the trial court's decision will be made. . . . To prove an abuse of discretion, an appellant must show that the trial court's denial of a request for a continuance was arbitrary. . . . The answer must be found in the circumstances present in every case, *particularly in the reasons presented to the trial judge at the time the*

*request is denied.*" (Emphasis in original; internal quotation marks omitted.) *State* v. *Prutting,* 40 Conn. App. 151, 168–69, 669 A.2d 1228, cert. denied, 236 Conn. 922, 674 A.2d 1328 (1996).

Since the trial court had already granted one continuance, we find no abuse of discretion in the court's refusal to grant the defendant's motion for a further continuance. See *State* v. *Yednock,* 14 Conn. App. 333, 344–45, 541 A.2d 887 (1988) (no abuse of discretion found where court refused to grant further continuance after having granted one earlier).

Even if the trial court's denial of the defendant's motion for a continuance was improper, we nevertheless conclude that such error was harmless. The appointment cards would not have proved the defendant's presence on January 14, 1997. Moreover, the defendant does not challenge the finding of the urinalysis results that indicated the presence of cocaine. The use of cocaine violated the first condition of the defendant's probation and was a sufficient basis for the trial court to revoke his probation.

A probation revocation hearing, pursuant to § 53a-32, has two distinct components. Initially, there is an evidentiary hearing to determine whether the defendant violated a condition of probation. Then, if the trial court determines that the evidence has established a violation of a condition of probation, there must be a determination of whether the defendant's probationary status should be revoked. *State* v. *Welch,* 40 Conn. App. 395, 400–401, 671 A.2d 379, cert. denied, 236 Conn. 918, 673 A.2d 1145 (1996). After considering the entire record, the trial court may opt to "continue or revoke the sentence of probation . . . or . . . require the defendant to serve the sentence imposed or impose any lesser

sentence. . . . In making this second determination, the trial court is vested with broad discretion. . . .

"To support a finding of probation violation, the evidence must induce a reasonable belief that it is more probable than not that the defendant has violated a condition of his or her probation. . . . In making its factual determination, the trial court is entitled to draw reasonable and logical inferences from the evidence. . . . This court may reverse the trial court's initial factual determination that a condition of probation has been violated only if we determine that such a finding was clearly erroneous. . . . A finding of fact is clearly erroneous when there is no evidence to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . In making this determination, every reasonable presumption must be given in favor of the trial court's ruling . . . ." (Citations omitted; internal quotation marks omitted.) Id., 401.

After reviewing the record in the present case, we conclude that the trial court's determination that the defendant violated the conditions of his probation was supported by the evidence and was not improper.

The judgment is affirmed.

In this opinion the other judges concurred.