STATE OF CONNECTICUT *v.* DARRELL JONES
(AC 17689)

Schaller, Spear and Dupont, Js.

Submitted on briefs May 25—officially released October 12, 1999

*James A. Shanley, Jr.*, special public defender, filed a brief for the appellant (defendant).

*James E. Thomas*, state's attorney, *Vicki Melchiorre*, senior assistant state's attorney, and *Margaret Gaffney Radionovas*, assistant state's attorney, filed a brief for the appellee (state).

*Opinion*

DUPONT, J. The defendant, Darrell Jones, appeals from the judgment of the trial court revoking his probation and committing him to the custody of the commissioner of correction for six years. On appeal, the defendant claims that (1) the judgment revoking his probation should be set aside because he was acquitted of the criminal charges that formed one of the bases of the trial court's finding of a probation violation and (2) the court improperly based its probation violation finding on the defendant's violation of a condition of probation that had terminated by operation of law.[1] We affirm the judgment of the trial court.

The following facts and procedural history are relevant to the resolution of this appeal. The defendant pleaded guilty under the *Alford* doctrine[2] to a charge

---

[1] The defendant does not challenge the finding of the trial court as to the second phase of the probation revocation hearing, namely, the finding that the rehabilitative purpose of probation had failed. See *State* v. *Davis*, 229 Conn. 285, 290, 641 A.2d 370 (1994) (probation revocation hearing has two components, whether defendant violated condition of probation and whether probationary status should be revoked). Thus, we are concerned with only the first component, that is, the determination of whether there has been a violation of a condition of probation, and not with the court's discretionary determination of whether probation was properly revoked.

[2] " 'Under *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), a criminal defendant is not required to admit his guilt, but consents to being punished as if he were guilty to avoid the risk of proceeding to trial.' *Commissioner of Correction* v. *Gordon*, 228 Conn. 384, 385 n.1, 636 A.2d 799 (1994). 'A guilty plea under the *Alford* doctrine is a judicial

of robbery in the second degree in violation of General Statutes § 53a-135, and on December 30, 1991, was sentenced to six years imprisonment, execution suspended, and placed on probation for three years with special conditions.[3]

On December 19, 1994, the defendant was charged with violating the conditions of probation by failing to pay the ordered restitution and because he had tested positive for and admitted to using cocaine. The trial court found that the defendant violated his probation, vacated the previous sentence, sentenced him to six years, execution suspended, and placed the defendant on probation for two years. The conditions of the defendant's probation were that he pay restitution to the victim of $210 within one week, pay restitution to Aetna Insurance Company (Aetna) according to a payment schedule set by the court, undergo random drug testing and treatment as needed and remain drug free. The defendant signed the conditions of his probation.

On July 13, 1996, the defendant was arrested on charges of larceny in the sixth degree and issuing a bad check.[1] On August 9, 1996, the defendant was arrested on charges of sexual assault in the first degree, reckless endangerment in the first degree, unlawful restraint in the first degree and risk of injury to a child. Thereafter,

oxymoron in that the defendant does not admit guilt but acknowledges that the state's evidence against him is so strong that he is prepared to accept the entry of a guilty plea nevertheless.' *State* v. *Palmer*, 196 Conn. 157, 169 n.3, 491 A.2d 1075 (1985)." *State* v. *Daniels*, 248 Conn. 64, 66–67 n.2, 726 A.2d 520 (1999) (en banc).

[3] The conditions of the defendant's probation were that he get a full-time job, receive substance abuse evaluation and treatment, remain drug free, pay restitution to the victim of $250 within ninety days and pay restitution to Aetna Insurance Company of $8000 in connection with a condition of probation from a previous offense.

[1] On April 15, 1997, the defendant pleaded guilty to the charge of issuing a bad check and was sentenced to three months incarceration, execution suspended, and placed on probation for one year with the special condition that he make restitution of $150 on the check.

an arrest warrant was issued on November 4, 1996, on the ground that he had violated the conditions of his probation. The warrant alleged that the defendant had failed to pay restitution of $210 and $8000 and had violated criminal laws, as evidenced by his arrests on July 13[5] and August 9, 1996. The defendant was subsequently arrested.

The trial court held a hearing on two successive days, September 11 and 12, 1997. At the hearing, the state presented two witnesses and the defendant elected not to testify or present any other evidence. The court found that the state established by a fair preponderance of the evidence that there had been a violation of several conditions of probation, including the condition inherent in every probation order that the probationer not violate the criminal law; see *State* v. *Wright*, 24 Conn. App. 575, 576, 590 A.2d 486 (1991);[6] based on the defendant's commission of the felonies of sexual assault in the first degree, unlawful restraint, risk of injury to a child and possession of drugs. The court also found that the defendant violated other conditions of his probation. These conditions included his failure to pay in full the restitution of $210, his failure to pay restitution to Aetna of $8000 and his failure to remain drug free.

The trial court concluded that the defendant should be incarcerated because the rehabilitative purpose of

[5] Although the defendant's July 13, 1996 arrest was included in the arrest warrant application as a ground for his violation of probation, evidence concerning his conviction for issuing a bad check was not considered at the violation of probation hearing.

[6] In *Wright*, this court noted that " '[i]t is universally held that the commission of a felony violates a condition inherent in every probation order. . . . Had the sentencing court in this case merely placed the defendant on probation and said no more, commission of a felony would nevertheless constitute a violation sufficient to authorize revocation of probation.' . . . *State* v. *Roberson*, 165 Conn. 73, 77, 327 A.2d 556 (1973)." *State* v. *Wright*, supra, 24 Conn. App. 577 n.1.

Here, the defendant concedes in his brief that one of the conditions of his probation was that he not violate any criminal law of the state of Connecticut.

probation could no longer be served and that the commission of several acts presented to the court was sufficient to support a revocation of probation. The court vacated the defendant's previous sentence and sentenced him to be committed to the custody of the commissioner of correction for a period of six years with no probation. Thereafter, the defendant filed a motion for a new hearing on the violation of probation charges. The court held a hearing on the motion on October 1, 1997. At the hearing, the defendant's counsel informed the court that the defendant had been tried and acquitted of all charges in connection with the alleged sexual assault, and that he sought a new hearing based on newly discovered evidence. The court denied the defendant's motion. On October 9, 1997, the defendant filed this appeal from the judgment finding that he violated the conditions of his probation and revoking his probation. On October 29, 1997, the court filed an addendum memorandum of decision restating its findings and conclusions.

"To support a finding of probation violation, the evidence must induce a reasonable belief that it is more probable than not that the defendant has violated a condition of his or her probation. . . . In making its factual determination, the trial court is entitled to draw reasonable and logical inferences from the evidence. . . . This court may reverse the trial court's initial factual determination that a condition of probation has been violated only if we determine that such a finding was clearly erroneous. . . . A finding of fact is clearly erroneous when there is no evidence to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . In making this determination, every reasonable presumption must be given in favor of the trial court's ruling . . . . *State* v. *Welch*, 40 Conn. App.

395, 400–401, 671 A.2d 379, cert. denied, 236 Conn. 918, 673 A.2d 1145 (1996)." (Citations omitted; internal quotation marks omitted.) *State* v. *Rollins*, 51 Conn. App. 478, 482, 723 A.2d 817 (1999).

The defendant first claims that he was entitled to a finding that he had not violated his probation because he was eventually acquitted at trial. We disagree.

The state argues that we should decline to review this claim because the defendant failed to preserve it. The defendant claims that he preserved this claim and, in the alternative, that this court should review his claim pursuant to *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989). We conclude that under either alternative, the claim fails.

This claim is controlled by our recent decision in *State* v. *Rollins*, supra, 51 Conn. App. 478. The defendant in *Rollins* similarly claimed that he should be acquitted of the probation violation charge because he was eventually acquitted at trial. We rejected that claim and concluded that the trial court's finding of a violation of probation was not clearly erroneous. Id., 483. In rejecting the defendant's claim in that case, we noted that "[i]n a criminal proceeding, substantive guilt must be established beyond a reasonable doubt; a probation violation need be proven only by a preponderance of the evidence." Id.; see also *State* v. *Davis*, 229 Conn. 285, 295, 641 A.2d 370 (1994).

In *Rollins*, we held: "A revocation of probation proceeding based upon a violation of a criminal law need not be deferred until after a disposition of the charges underlying the arrest because the purpose of a probation revocation hearing is to determine whether a defendant's conduct constituted an act sufficient to support a revocation of probation; *Payne* v. *Robinson*, 10 Conn. App. 395, 523 A.2d 917 (1987) [aff'd, 207 Conn. 565, 541 A.2d 504, cert. denied, 488 U.S. 898, 109 S. Ct. 242, 102

L. Ed. 2d 230 (1988)]; rather than whether the defendant had, beyond a reasonable doubt, violated a criminal law. The proof of the conduct at the hearing need not be sufficient to sustain a violation of a criminal law. . . . In a probation violation proceeding, all that is required is enough to satisfy the court within its sound judicial discretion that the probationer has not met the terms of his probation. *Payne* v. *Robinson*, supra, 403." (Citations omitted; internal quotation marks omitted.) *State* v. *Rollins*, supra, 51 Conn. App. 484.

Here, the trial court found, by a preponderance of the evidence, that the defendant violated a condition of his probation by committing felonies, thereby violating criminal laws of the state of Connecticut. This finding was supported by testimony at the revocation hearing and is not clearly erroneous. The defendant's acquittal of those charges in a subsequent criminal trial does not affect the trial court's finding in this probation revocation hearing.

The defendant next claims that the trial court improperly found that he violated his probation by failing to pay restitution of $8000 to Aetna because, according to the defendant, this condition of his probation had expired by operation of law. In light of our finding as to the defendant's first claim, we need not reach this issue. The trial court found that the defendant violated a condition of his probation by committing felonies. We do not disturb that finding. Thus, even if we agreed with the defendant's second claim, the probation violation finding would stand. Furthermore, we note that the probation violation finding also was premised on the defendant's violation of other conditions of his probation, namely, his failure to pay in full restitution of $210 and his failure to remain drug free. The defendant does not challenge those findings on appeal.

The judgment is affirmed.

In this opinion the other judges concurred.