STATE OF CONNECTICUT *v.* GARY CAMPBELL
(AC 19856)

Foti, Zarella and O'Connell, Js.

Argued October 25—officially released December 12, 2000

*Matthew T. Gilbride,* with whom, on the brief, was *Raymond J. Rigat,* for the appellant (defendant).

*Frederick W. Fawcett*, supervisory assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict*, state's attorney, and *Cornelius P. Kelly*, assistant state's attorney, for the appellee (state).

*Opinion*

FOTI, J. The defendant, Gary Campbell, appeals from the judgment of the trial court revoking his probation pursuant to General Statutes § 53a-32[1] and committing him to the custody of the commissioner of correction for a term of four years. On appeal, the defendant claims that the court improperly (1) revoked his probation in the absence of reliable and probative evidence, (2) denied his request for a continuance and (3) violated his due process rights under the constitution of Connecticut by employing a fair preponderance of the evidence standard of proof. We affirm the judgment of the trial court.

The following facts adduced at the probation revocation hearing are relevant to this appeal. On March 5,

---

[1] General Statutes § 53a-32 provides in relevant part: "(a) At any time during the period of probation or conditional discharge, the court or any judge thereof may issue a warrant for the arrest of a defendant for violation of any of the conditions of probation or conditional discharge . . . . Upon such arrest and detention, the probation officer shall immediately so notify the court or any judge thereof. Thereupon, or upon an arrest by warrant as herein provided, the court shall cause the defendant to be brought before it without unnecessary delay for a hearing on the violation charges. . . .

"(b) If such violation is established, the court may: (1) Continue the sentence of probation or conditional discharge; (2) modify or enlarge the conditions of probation or conditional discharge; (3) extend the period of probation or conditional discharge, provided the original period with any extensions shall not exceed the periods authorized by section 53a-29; or (4) revoke the sentence of probation or conditional discharge. If such sentence is revoked, the court shall require the defendant to serve the sentence imposed or impose any lesser sentence. Any such lesser sentence may include a term of imprisonment, all or a portion of which may be suspended entirely or after a period set by the court, followed by a period of probation with such conditions as the court may establish. No such revocation shall be ordered, except upon consideration of the whole record and unless such violation is established by the introduction of reliable and probative evidence and by a preponderance of the evidence."

1996, the defendant was convicted of possession of narcotics with intent to sell in violation of General Statutes § 21a-277 (a). The court sentenced the defendant to a term of incarceration of seven years suspended with three years of probation. One of the general conditions of this probation prohibited the defendant from violating any criminal law of this state.[2] On November 11, 1998, police arrested the defendant in connection with an incident at the home of a neighbor. That incident led to the violation of probation proceeding at issue in this appeal.

On November 10, 1998, the victim, Christina Johnson, was in her apartment in Bridgeport when the defendant rang her front doorbell. Johnson permitted the defendant to enter her apartment because he lived in the same building and she knew him. The defendant handcuffed Johnson's hands behind her back, used duct tape to bind her mouth and feet, and tied her hands to her feet. Previously, Johnson had told the defendant that she was going to receive money as a settlement of a lawsuit in which she was involved. The defendant demanded to know where her money was, choked her until she lost consciousness and stole $8000 in cash from her apartment. After the defendant departed, Johnson managed to crawl to her sleeping daughter, wake her and summon assistance. Police freed her, and members of the fire department cut the handcuffs that bound her hands.

The court found that the defendant understood the terms of his probation. The court found Johnson's testimony "to be credible in all significant aspects, and since that testimony constitutes direct evidence of the conduct of the defendant, it's therefore reliable and probative evidence, and permits the court to find by a

---

[2] That condition also included a prohibition against the violation of any law of the United States or any other state or territory.

preponderance of the evidence that the defendant was in fact the perpetrator . . . [who] did physically assault [the victim] for the purpose of stealing money from [her] apartment." The court found the defendant's conduct violative of the criminal laws of this state and therefore violative of the terms of his probation.[3]

I

The defendant first claims that the court "abused its discretion by giving credibility to the alleged victim's version of events." We disagree.

As a reviewing court, we may not retry the case or pass on the credibility of witnesses. *State* v. *Branham*, 56 Conn. App. 395, 398, 743 A.2d 635, cert. denied, 252 Conn. 937, 747 A.2d 3 (2000). Our review of factual determinations is limited to whether those findings are clearly erroneous. Practice Book § 60-5; *State* v. *Alterisi*, 47 Conn. App. 199, 204, 702 A.2d 651 (1997). We must defer to the trier of fact's assessment of the credibility of the witnesses that is made on the basis of its firsthand observation of their conduct, demeanor and attitude. *State* v. *McClam*, 44 Conn. App. 198, 208, 689 A.2d 475, cert. denied, 240 Conn. 912, 690 A.2d 400 (1997).

The court, as the finder of fact, found that Johnson's testimony was credible. The weight to be given to the

---

[3] "A revocation of probation proceeding based upon a violation of a criminal law need not be deferred until after a disposition of the charges underlying the arrest because the purpose of a probation revocation hearing is to determine whether a defendant's conduct constituted an act sufficient to support a revocation of probation . . . rather than whether the defendant had, beyond a reasonable doubt, violated a criminal law. The proof of the conduct at the hearing need not be sufficient to sustain a violation of a criminal law. . . . In a probation violation proceeding, all that is required is enough to satisfy the court within its sound judicial discretion that the probationer has not met the terms of his probation." (Citations omitted; internal quotation marks omitted.) *State* v. *Rollins*, 51 Conn. App. 478, 484, 723 A.2d 817 (1999).

evidence and to the credibility of witnesses is solely within the determination of the trier of fact. *State* v. *Scott*, 31 Conn. App. 660, 664, 626 A.2d 817 (1993). The court performed its duty, and we will not usurp its function.

## II

The defendant next claims that the court improperly denied his request for a continuance of the violation of probation hearing until thirty days after his trial concerning the underlying criminal charges. He claims that the denial "rose to a level of constitutional proportion in this case because it denied the defendant his state constitutional right[4] to present his side of the story by testifying free from the fear that his testimony would expose him to an additional criminal conviction." We disagree.

Our review of the record reveals, and the defendant conceded at oral argument, that the defendant indicated to the trial court only that he was innocent of the criminal charges against him arising from the November 10, 1998 incident. His claims of innocence were borne out through his pleas of not guilty to the underlying charges. In his request for a continuance, it was the defendant's burden to provide the court with the substance of any specific testimony he desired to give in the probation violation proceeding. See *State* v. *Hoffler*, 55 Conn. App. 210, 214, 738 A.2d 1145, cert. denied, 251 Conn. 923, 742 A.2d 360 (1999). Given the sparse record before us, we, as a reviewing court, cannot assume that the trial court's denial of the request for a continuance in any way affected the defendant's decision not to testify in the probation violation proceeding. See id. We must conclude, therefore, that the defendant has not, under the circumstances of this case, demonstrated a violation

---

[4] The defendant claims that the court violated his due process rights as guaranteed by article first, §§ 8, 9 and 10 of the constitution of Connecticut.

of his due process rights under our state constitution. The defendant does not claim, nor does the record show, that the court abused its discretion in denying the defendant's motion. In any event, the defendant's sole claim in this appeal is that the court's action violated his state constitutional rights to due process.

### III

The defendant finally claims that due process under the state constitution required the state to establish a violation of probation by proof beyond a reasonable doubt or, in the alternative, proof by clear and convincing evidence. We disagree.

The defendant makes this argument under article first, §§ 8, 9 and 10 of the constitution of Connecticut.[5] The defendant argues that although he failed to present this claim to the trial court, we nevertheless should review it because it implicates a fundamental due process right and the record is adequate to facilitate review. He further claims that review of unpreserved constitutional claims is available in civil cases under certain circumstances, and that a probation revocation proceeding is a "quasi-civil proceeding."

Our Supreme Court has determined that a revocation of probation hearing is less formal than a criminal trial and requires only that the state prove its case by a preponderance of the evidence. *State* v. *McDowell*, 242 Conn. 648, 653, 699 A.2d 987 (1997); *State* v. *Davis*, 229

---

[5] The constitution of Connecticut, article first, § 8, provides in relevant part: "No person shall be . . . deprived of life, liberty or property without due process of law . . . ."

The constitution of Connecticut, article first, § 9, provides: "No person shall be arrested, detained or punished, except in cases clearly warranted by law."

The constitution of Connecticut, article first, § 10, provides: "All courts shall be open, and every person, for an injury done to him in his person, property or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial or delay."

Conn. 285, 302, 641 A.2d 370 (1994). In *Davis*, which determined the standard of proof required to establish a violation of probation, our Supreme Court noted that the defendant, in addition to presenting a statutory interpretation claim, alleged a violation of his due process rights under our state constitution. The court noted that "[b]ecause we determine, as a matter of statutory interpretation, that the trial court is required to utilize the fair preponderance standard, we need not decide the standard mandated by . . . article first, § 8, of the state constitution." *State* v. *Davis*, supra, 291 n.6.[6]

The defendant has failed to furnish an adequate analysis of this claim under our state constitution. The defendant's analysis under article first, §§ 9 and 10, is clearly inapplicable to his due process claim, as the hearing clearly complied with those provisions. The defendant fails to offer a separate analysis of his due process claim under article first, § 8, other than to provide us with a vague historical approach to resolving this issue. Adequate analysis requires more than abstract assertions. *State* v. *Henderson*, 47 Conn. App. 542, 558, 706 A.2d 480, cert. denied, 244 Conn. 908, 713 A.2d 829 (1998). Further, this court does not reevaluate Supreme Court decisions; we are bound by those decisions. *State* v. *Goodman*, 35 Conn. App. 438, 442, 646 A.2d 879, cert. denied, 231 Conn. 940, 653 A.2d 824 (1994).

The judgment is affirmed.

In this opinion the other judges concurred.

---

[6] Although the issue was before it, the Supreme Court in *Davis* found it unnecessary and chose not to address the issue of whether article first, § 8, of the constitution of Connecticut required a standard other than the fair preponderance standard. *State* v. *Davis*, supra, 229 Conn. 291 n.6.