### STATE OF CONNECTICUT *v.* RICHARD BRECKENRIDGE
### (AC 20501)

Lavery, C. J., and Foti and Daly, Js.

Argued May 30—officially released October 23, 2001

*Gerald E. Bodell*, special public defender, for the appellant (defendant).

*Richard F. Jacobson*, special assistant state's attorney, with whom, on the brief, was *John C. Smriga*, supervisory assistant state's attorney, for the appellee (state).

*Opinion*

DALY, J. The defendant, Richard Breckenridge, appeals from the judgment of the trial court revoking his probation pursuant to General Statutes § 53a-32[1]

---

[1] General Statutes § 53a-32 provides in relevant part: "(a) At any time during the period of probation or conditional discharge, the court or any judge thereof may issue a warrant for the arrest of a defendant for violation of any of the conditions of probation or conditional discharge . . . . Upon such arrest and detention, the probation officer shall immediately so notify the court or any judge thereof. Thereupon, or upon an arrest by warrant as herein provided, the court shall cause the defendant to be brought before

and committing him to the custody of the commissioner of correction for a period of five years. On appeal, the defendant claims that the court improperly (1) denied his motion for a continuance and (2) concluded that sufficient evidence exists to support its finding of a violation of probation. We affirm the judgment of the trial court.

The following facts are relevant to our resolution of the defendant's appeal. The defendant was convicted of attempt to commit assault in the first degree on September 25, 1992, and sentenced to twelve years imprisonment, suspended after six years, with three years probation. The defendant commenced his probationary period on June 27, 1997. One of the conditions of the defendant's probation banned his possession or control of any weapon.

On August 6, 1999, shortly before midnight, Officer Thomas Scanlon of the Stamford police department noticed a vehicle that was stopped at a red traffic signal on Baxter Avenue, with dark tinted windows and a semi-clear plastic cover over the registration plate. Scanlon activated the overhead lights on his police vehicle to have the driver stop at the side of the road. The vehicle, however, which Scanlon observed being operated by a

it without unnecessary delay for a hearing on the violation charges. . . .

"(b) If such violation is established, the court may: (1) Continue the sentence of probation or conditional discharge; (2) modify or enlarge the conditions of probation or conditional discharge; (3) extend the period of probation or conditional discharge, provided the original period with any extensions shall not exceed the periods authorized by section 53a-29; or (4) revoke the sentence of probation or conditional discharge. If such sentence is revoked, the court shall require the defendant to serve the sentence imposed or impose any lesser sentence. Any such lesser sentence may include a term of imprisonment, all or a portion of which may be suspended entirely or after a period set by the court, followed by a period of probation with such conditions as the court may establish. No such revocation shall be ordered, except upon consideration of the whole record and unless such violation is established by the introduction of reliable and probative evidence and by a preponderance of the evidence."

small to medium height male who was the sole occupant, accelerated and drove away at speeds ranging from fifty to sixty-five miles per hour. Scanlon pursued the vehicle for several blocks along Baxter Avenue. When the vehicle drove onto an entrance ramp toward Interstate 95, the police watch commander ordered Scanlon to terminate the pursuit.

At approximately 2 a.m., Scanlon returned to the scene where the pursuit had begun to search for possible discarded contraband. Scanlon noticed an empty vehicle parked on the side of the road with the keys in the ignition and the motor running. That vehicle was different from the one involved in the earlier chase. Scanlon checked the registration, but was unable to locate the owner of the vehicle and further notified the dispatcher about the vehicle.

Soon thereafter, another officer reported that he had been flagged down at a gasoline station by a man looking for his car keys. Scanlon proceeded to the gasoline station, and the man, later determined to be the defendant, stated that he had left his vehicle running on Baxter Avenue because he feared that he would be robbed. The defendant displayed his driver's license, and the address on his license matched the address on the registration of the vehicle that the police had pursued in the earlier chase. The defendant ultimately informed the police officers that he had been involved in the earlier vehicle chase. He then was arrested and charged with reckless operation of a motor vehicle, engaging in a pursuit and having tinted windows.

The following morning, other police officers were dispatched to the Baxter Avenue scene, where they discovered a loaded black revolver in the grass, three to four feet away from the side of the road. There were fresh divot marks in the grass. The police decided to question the defendant about the revolver discovered

on the side of the road of the chase route. Prior to the defendant's being questioned, police Sergeant Anthony Lupinacci read to the defendant his *Miranda* rights,[2] and the defendant signed the acknowledgement form. The defendant admitted to the police officer that he had discarded the revolver during the vehicle chase to avoid being stopped while in possession of a weapon. The defendant subsequently was charged with carrying a pistol or revolver without a permit in violation of General Statutes § 29-35 (a), criminal possession of a pistol or revolver in violation of General Statutes § 53a-217c (a) (1) and possession of a weapon in a motor vehicle in violation of General Statutes § 29-38.

A probation violation hearing ensued. The court found that the defendant had violated the condition of his probation prohibiting him from possessing a weapon. The court revoked the defendant's probation and committed him to the custody of the commissioner of correction for five years. At the subsequent jury trial regarding the criminal charges of possession of a weapon, the defendant was acquitted of all charges. This appeal followed.

I

The defendant first contends that the court abused its discretion and deprived him of due process by denying his motion for a continuance pending the outcome of the criminal proceeding against him for possession of a weapon. We are not persuaded.[3]

---

[2] *Miranda* v. *Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

[3] We note that "[t]he trial court did not prepare a written memorandum of decision and did not sign the transcript of its oral decision, as required by Practice Book § 64-1. 'The duty to provide [the Appellate Court] with a record adequate for review rests with the appellant.' *Chase Manhattan Bank/City Trust* v. *AECO Elevator Co.*, 48 Conn. App. 605, 607, 710 A.2d 190 (1998). We have frequently declined to review claims where the appellant has failed to provide the court with an adequate record for review. See id., 608–609. We have, on occasion, reviewed claims of error in light of an unsigned transcript as long as the transcript contains a sufficiently detailed and concise statement of the trial court's findings." *Bank of America, FSB*

The following facts are relevant to our resolution of the defendant's claim. Prior to his probation revocation hearing, the defendant filed a motion for a continuance until the criminal case against him was decided. In support of his motion, the defendant asserted that his right to defend himself would be prejudiced if the probation hearing was held prior to the disposition of his criminal trial because (1) he intended to exercise his rights to have a speedy trial, (2) he intended to seek a suppression hearing in connection with his criminal trial regarding the statements that he had made to the police and (3) his right to testify in his defense would be implicated. The court denied the defendant's motion.

A trial court possesses broad discretion in deciding whether to grant or deny a motion for a continuance. *State* v. *Williams*, 200 Conn. 310, 320, 511 A.2d 1000 (1986). "The determination of whether to grant a request for a continuance is within the discretion of the trial court, and will not be disturbed on appeal absent an abuse of discretion. . . . A reviewing court is bound by the principle that [e]very reasonable presumption in favor of the proper exercise of the trial court's decision will be made." (Internal quotation marks omitted.) *State* v. *Marshall*, 51 Conn. App. 469, 472, 722 A.2d 1221, cert. denied, 248 Conn. 901, 732 A.2d 178 (1999). To prove an abuse of discretion, the appellant must demonstrate that the denial of the continuance was unreasonable or arbitrary. *State* v. *Bradley*, 39 Conn. App. 82, 87, 663 A.2d 1100 (1995), cert.

v. *Franco*, 57 Conn. App. 688, 691 n.1, 751 A.2d 394 (2000). In this case, the defendant, pursuant to Practice Book § 64-1 (a) (1), filed a notice to obtain a written memorandum of decision or a signed transcript. The trial court, by not acting on the request, denied it, and the defendant did not file a motion for review with this court. The defendant has filed a transcript, however, and the transcript provides an adequate basis from which to glean the trial court's rationale in denying the defendant's motion for a continuance. Accordingly, although we do not condone this practice, we will review the defendant's claim.

denied, 236 Conn. 901, 670 A.2d 322 (1996). "[T]he right of a defendant to a continuance is not 'absolute' and the propriety of a denial of one is to 'be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied.' " *State* v. *Williams,* supra, 320.

This court has held on several occasions that "[a] revocation of probation proceeding based upon a violation of a criminal law need not be deferred until after a disposition of the charges underlying the arrest because the purpose of a probation revocation hearing is to determine whether a defendant's conduct constituted an act sufficient to support a revocation of probation; *Payne* v. *Robinson,* 10 Conn. App. 395, 523 A.2d 917 (1987) [aff'd, 207 Conn. 565, 541 A.2d 504, cert. denied, 488 U.S. 898, 109 S. Ct. 242, 102 L. Ed. 2d 230 (1988)]; rather than whether the defendant had, beyond a reasonable doubt, violated a criminal law." (Internal quotation marks omitted.) *State* v. *Rollins,* 51 Conn. App. 478, 484, 723 A.2d 817 (1999); see also *State* v. *Jones,* 55 Conn. App. 243, 248–49, 739 A.2d 697 (1999), cert. denied, 253 Conn. 922, 754 A.2d 798 (2000). As a revocation of probation hearing need not be deferred until after the disposition of the underlying criminal charges, the defendant's claim that a continuance was necessary to effectuate his intent to seek a speedy trial is without merit. Moreover, on the basis of the aforementioned principle, the defendant's assertion that the court abused its discretion in denying his motion for a continuance, when he intended to seek a suppression hearing in connection with his criminal trial, similarly is without merit.[4]

The defendant further contended that if his probation revocation hearing was not postponed, his right to tes-

---

[4] We further note that the record before this court does not disclose whether a suppression hearing regarding the defendant's statements to the police actually was held.

tify in his behalf would be implicated and his defense prejudiced. "In his request for a continuance, it was the defendant's burden to provide the court with the substance of any specific testimony he desired to give in the probation violation proceeding. See *State* v. *Hoffler*, 55 Conn. App. 210, 214, 738 A.2d 1145, cert. denied, 251 Conn. 923, 742 A.2d 360 (1999)." *State* v. *Campbell*, 61 Conn. App. 99, 103, 762 A.2d 12 (2000), cert. denied, 255 Conn. 934, 767 A.2d 105 (2001). If the defendant fails to provide the court with the substance of the specific testimony, "we, as a reviewing court, cannot assume that the trial court's denial of the request for a continuance in any way affected the defendant's decision not to testify in the probation violation proceeding." Id. Here, the defendant failed to provide any indication of the testimony that he wanted to give in the probation hearing. "Because an accused's decision whether to testify seldom turns on the resolution of one factor . . . a reviewing court cannot assume that the adverse ruling motivated a defendant's decision not to testify." (Internal quotation marks omitted.) *State* v. *Hoffler*, supra, 214.

We conclude, therefore, that the court did not abuse its broad discretion, nor did it deprive the defendant of his due process rights, in denying his motion for a continuance.

II

The defendant next claims that the evidence presented was insufficient to support the court's finding that he violated a condition of his probation. We are not persuaded.[5]

---

[5] We note again that "[t]he trial court did not prepare a written memorandum of decision and did not sign the transcript of its oral decision, as required by Practice Book § 64-1. . . . We have, on occasion, reviewed claims of error in light of an unsigned transcript as long as the transcript contains a sufficiently detailed and concise statement of the trial court's findings." (Citations omitted; internal quotation marks omitted.) *Bank of America, FSB* v. *Franco*, supra, 57 Conn. App. 691 n.1. In this case, the

"To support a finding of probation violation, the evidence must induce a reasonable belief that it is more probable than not that the defendant has violated a condition of his or her probation. . . . In making its factual determination, the trial court is entitled to draw reasonable and logical inferences from the evidence. . . . This court may reverse the trial court's initial factual determination that a condition of probation has been violated only if we determine that such a finding was clearly erroneous. . . . A finding of fact is clearly erroneous when there is no evidence to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . In making this determination, every reasonable presumption must be given in favor of the trial court's ruling." (Internal quotation marks omitted.) *State* v. *Jones*, supra, 55 Conn. App. 247. "It is the sole province of the trial court to weigh and interpret the evidence before it and to pass upon the credibility of witnesses." (Internal quotation marks omitted.) *State* v. *Martinez*, 55 Conn. App. 622, 628, 739 A.2d 721 (1999); see also 2 B. Holden & J. Daly, Connecticut Evidence (2d Ed. 1988) § 125a. A probation violation must be proven by a fair preponderance of the evidence. *State* v. *Rollins*, supra, 51 Conn. App. 482.

After thoroughly reviewing the record, we conclude that the evidence presented, and in particular the testimony of the police sergeant, Lupinacci, provides sufficient proof to demonstrate by a fair preponderance of the evidence that the defendant had possessed a weapon and violated a condition of his probation. In arriving at the conclusion that the state had proven by

defendant has filed the transcript, and the transcript provides an adequate basis from which to glean the trial court's rationale in deciding to revoke the defendant's probation. Accordingly, although we do not condone this practice, we will review the defendant's claim.

a fair preponderance of the evidence that it was more probable than not that the defendant had possessed a weapon in violation of his probation, the court detailed the evidence on which it relied. The court found that the defendant had been involved in a vehicle chase with the police, that a revolver was discovered alongside the path of the chase route and that it appeared that the revolver had been recently tossed to the ground. Further, the court relied on the testimony of Lupinacci, who stated that the defendant had admitted to him that he threw the revolver out of the vehicle's window during the chase.

The defendant challenges the credibility of the testimony of the police sergeant and the physical evidence connecting the weapon to the defendant. As previously stated, however, it is solely within the province of the court to decide what weight to give to the evidence and to the credibility of witnesses. Id., 485. "We must defer to the trier of fact's assessment of the credibility of the witnesses that is made on the basis of its firsthand observation of their conduct, demeanor and attitude." *State* v. *Campbell,* supra, 61 Conn. App. 102.

The defendant further implies that his acquittal on the possession of a weapon charges in the subsequent criminal proceeding mandates the conclusion that insufficient evidence existed to support a finding that he violated a condition of his probation. This court has addressed, and rejected, similar claims in *State* v. *Rollins,* supra, 51 Conn. App. 483, and *State* v. *Jones,* supra, 55 Conn. App. 248. In *Rollins* and *Jones,* the defendants, who were appealing from the revocation of their probation, claimed, in pertinent part, that they were entitled to an acquittal of the probation violation charge because they were ultimately acquitted at trial on the underlying charges. We disagreed and concluded that a trial court's finding of a violation of probation is

not clearly erroneous in light of an acquittal at trial on the basis of the same circumstances.

In so holding, we noted that "the purpose of a probation revocation hearing is to determine whether a defendant's conduct constituted an act sufficient to support a revocation of probation; *Payne* v. *Robinson*, [supra, 10 Conn. App. 395]; rather than whether the defendant had, beyond a reasonable doubt, violated a criminal law. The proof of the conduct at the hearing need not be sufficient to sustain a violation of a criminal law. . . . In a probation violation proceeding, all that is required is enough to satisfy the court within its sound judicial discretion that the probationer has not met the terms of his probation. [Id., 403]." (Citations omitted; internal quotation marks omitted.) *State* v. *Rollins*, supra, 51 Conn. App. 484; see also *State* v. *Jones*, supra, 55 Conn. App. 248–49.

The standard of proof necessary to sustain a conviction for a violation of a criminal law differs from that required in a revocation of probation hearing. "In a criminal proceeding, substantive guilt must be established beyond a reasonable doubt; a probation violation need be proven only by a preponderance of the evidence." *State* v. *Rollins*, supra, 51 Conn. App. 483. Because of those different standards, a defendant's acquittal of charges in a subsequent criminal trial does not affect the trial court's finding of a violation in a probation revocation hearing. *State* v. *Jones*, supra, 55 Conn. App. 249. We therefore conclude that the court's finding that the defendant violated his probation by possessing a weapon was not clearly erroneous.

The judgment is affirmed.

In this opinion the other judges concurred.